**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**LAW OFFICE OF DANIEL G. SHAY**
Daniel G. Shay (SBN: 250548)
danielshay@tcpafdcpa.com
409 Camino Del Rio South, Suite 101B
San Diego, CA 92108
Telephone: (619) 222-7429
Facsimile: (866) 431-3292

[Additional Attorneys on Signature Page]

*Attorneys for Plaintiff,*
*Ariel Shuckett*

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

**ARIEL SHUCKETT, Individually and On Behalf of All Others Similarly Situated,**

**Plaintiff,**

**v.**

**DIALAMERICA MARKETING, INC.; AS AMERICA, INC., d/b/a AMERICAN STANDARD BRANDS; and PROSPECTSDM, INC.,**

**Defendants.**

**Case No.:** 17-cv-2073-LAB-KSC

**CLASS ACTION**

**THIRD AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227, ET SEQ.**

**JURY TRIAL DEMANDED**

## INTRODUCTION

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

1. Plaintiff Ariel Shuckett ("Plaintiff") brings this Third Amended Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of defendant DialAmerica Marketing, Inc. ("DialAmerica"), defendant AS America, Inc. d/b/a American Standard Brands ("American Standard"), and defendant ProspectsDM, Inc. ("Prospects") (collectively "Defendants") in negligently and/or willfully or knowingly contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorney.

2. The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id.* at §§ 12-13. *See also*, *Mims*, 132 S. Ct. at 744.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this case arises out of violation of federal law. *See* 47 U.S.C. §227(b).

6. Defendants continuously conduct business in California. Defendants are also registered in the State of California to conduct business in this state.

7. Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) at all material times hereto, Plaintiff resided in the County of San Diego, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) many of the acts and transactions giving rise to this action occurred in this district because DialAmerica, on behalf and for the benefit of American Standard, placed unlawful calls to Plaintiff in this judicial district.

8. Upon information and belief, Defendants regularly and continuously conduct business in the State of California, and thus, personal jurisdiction is established.

## PARTIES

9. Plaintiff is and was, at all times mentioned herein, is a natural person that resided in the County of San Diego, State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

10. Plaintiff is informed and believes, and thereon allege, that DialAmerica is, and at all times mentioned herein was, a corporation organized under the laws

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

of Delaware, registered to conduct business in the State of California, and is a "person" as defined by 47 U.S.C. § 153 (39).

11. Plaintiff is informed and believes, and thereon allege, that American Standard is, and at all times mentioned herein was, a corporation organized under the laws of Delaware, registered to conduct business in the State of California, and is a "person" as defined by 47 U.S.C. § 153 (39).

12. Plaintiff is informed and believes, and thereon allege, that Prospects is a Canadian corporation with a registered office address at 20 Hughson St. S Hamilton, ON L8N 2A1. Prospects DM also has an office in the United States at 701 Seagaze Drive, Suite D, Oceanside, California 92054.

13. Plaintiff alleges that at all times relevant herein Defendants conducted business in the State of California and in the County of San Diego, and within this judicial district.

## FACTUAL ALLEGATIONS

14. DialAmerica and Prospects are domestic call centers involved in a variety of industries. DialAmerica and Prospects operate call centers that generate and follow up on leads.

15. The relationship between Prospects and American Standard is extremely close. American Standard allows Prospects to access and use its system when making calls. American Standard maintains control over the calls. American Standard exercises general supervisory power over the calling campaign. American Standard is fully aware of all calls relating to its products. For example, American Standard can see in its system if there is consent to make the calls. American Standard maintains all control over the campaigns, the target audience and the content of the calls. All Defendants refer to this arrangement as "Thin Sourcing" where the potential customer believes they are talking to American Standard the whole time.

16. The conduct of Prospects and Dial America (specifically making autodialed

and/or pre-recorded calls) was generally foreseeable, and in fact, was foreseen and anticipated, by American Standard. American Standard is and was fully aware of the requirements of the TCPA as it relates to the calling campaign it instituted.

17. American Standard has the same relationship with DialAmerica and they also thin source. American Standard has the power and control and allows Dial America to access and use its systems when placing calls. In fact, American Standard provided DialAmerica with the telephone number for Plaintiff to place the call. Similarly to American Standard's relationship with Prospects, American Standard through its system can determine when the calls are being placed, whether consent was obtained, what dial system was used to call a certain consumer, etc.

18. DialAmerica and Prospects, on behalf and with the authorization of American Standard, regularly make pre-recorded and autodialed telephone calls to consumers in order to market products including bathroom fixtures.

19. At no point did Plaintiff shop for bathroom fixtures or provide authorization to receive autodialed marketing calls with a pre-recorded or autodialed calls on her cellular telephone from Defendants.

20. Between July 2017 and October 2017, Defendants initiated repeated marketing telephone calls to Plaintiff's cellular phone using a pre-recorded voice and an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1).

21. On August 10, 2017, Prospects DM placed a call to Plaintiff's cellular telephone with a pre-recorded voice.

22. Plaintiff never gave consent to either Defendant to receive any marketing calls.

23. Prospects DM on behalf of American Standard placed calls frequently two-four times a day, to market and solicit Plaintiff's business.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

24. During Defendants' calls, Defendants played a pre-recorded message, during which a person stated with the same voice, tone, and the same words: "Hello, this is [name]. Can you hear me? [pause] . . ."

25. The message was pre-recorded and no live representative was on the line at the time.

26. During the calls, the pre-recorded voice asked various questions, responses to which are "yes" or "no." If consumer responded with something other than "yes" or "no" the system disconnected and terminated the call.

27. At some point during the call on August 10, 2017, after getting through all the robotic prompts in order to finally opt out of Defendants' pre-recorded and autodialed telephone calls, Plaintiff was connected to a live representative for Defendant American Standard where Defendant American Standard's representative confirmed that Plaintiff was speaking with American Standard.

28. When Plaintiff asked which entity placed the calls on behalf of American Standard on August 10, 2017, American Standard's representative indicated that the call was placed by DialAmerica.

29. However, based on certain discovery produced recently from American Standard, the call was actually placed by Prospects on behalf of American Standard.

30. Defendants jointly called Plaintiff approximately forty (40) times within the period of only a few months, with the majority of calls placed by Prospects DM (on behalf of/with authorization of American Standard).

31. DialAmerica, at the instruction of American Standard, also robo-dialed Plaintiff without consent on October 10, 2017, utilizing an ATDS, which resulted in an approximately 14 seconds ring of Plaintiff's cellular telephone.

32. American Standard directed and authorized DialAmerica, Prospects DM, and its agents and/or employees to place robo-marketing calls to individuals, including Plaintiff, in order to solicit consumers, acquire business and

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

economic benefits from such increased business.

33. Plaintiff did not provide Defendants or their agents with "prior express consent" nor written consent to receive marketing calls to her cellular telephone, including those calls by means of an ATDS or pre-recorded voice as prohibited by 47 U.S.C. § 227.

34. Plaintiff did not consent to be called on Plaintiff's cellular telephone by Defendants for marketing or any other purpose.

35. Upon information and belief, Defendants' telephone equipment(s) has(ve) the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

36. Upon information and belief, the telephone equipment(s) used by Defendants to place the calls at issue has the capacity to dial telephone numbers automatically from a stored list or database without human intervention, using a random or sequential number generator.

37. Defendants did not have written consent to place telemarketing calls to Plaintiff's cellular telephone.

38. Defendants' telemarketing calls were not made for emergency purposes, as defined by 47 U.S.C. § 227(b)(1)(A).

39. Defendants' telemarketing calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

40. Defendants knew that their agents were making autodialed telephone calls to consumers without consent, and authorized the agents to contact consumers and conduct business on behalf of Defendants.

41. American Standard had control and failed to take any effective steps to prevent its agents/representatives from engaging in unlawful conduct, or disassociate with these agents/representatives in any way.

42. Consumers receiving calls from DialAmerica's and Prospects' agents and representatives believe that American Standard was making the calls because DialAmerica and Prospects were never mentioned during the calls as the entity placing the calls, and when consumers seek to speak to a live representative, within the same call, they are being connected to a live representative from American Standard (or an agent from American Standard who is authorized to use American Standard's brand name and solicit its products.

43. The only time consumers may learn that another entity is involved, is where consumers specifically ask whether another entity placed a call on behalf of American Standard.

44. In fact, at no point prior to this lawsuit, nor during this lawsuit until Plaintiff procured discovery responses from American Standard and Prospects DM, did Plaintiff know that another vendor – Prospects, was placing calls on behalf of American Standard.

45. American Standard is directly and/or vicariously liable for the unlawful dialing practices of its agents, including DialAmerica and Prospects, because American Standard presents itself as an entity authorizing these agents to act on its behalf and takes no steps whatsoever to prohibit the unlawful dialing practices, while retaining the economic benefits and increased business derived from such unlawful practices.

46. American Standard knew that its agents and representatives, including DialAmerica and Prospects, act on its behalf, and in fact, controls and endorses the unlawful conduct of its agents.

47. American Standard was aware of the calls made on its behalf, and when connected to American Standard, introduced itself as a principal entity ready and willing to solicit business from consumers.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

48. Defendants and its agents entered into a marketing agreement, which contemplated Defendants' agents employing various marketing techniques, including robo-telemarketing.

49. Plaintiff was personally affected by Defendants' aforementioned conduct because Plaintiff was frustrated and distressed that Defendants interrupted Plaintiff with unwanted telemarketing calls using an ATDS for marketing purposes.

50. Through Defendants' aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

51. Defendants' calls forced Plaintiff and other similarly situated class members to live without the utility of their cellular phones by occupying their cellular telephone with one or more unwanted calls, causing a nuisance and lost time.

52. Plaintiff is informed and believes and here upon alleges, that the calls were made by Defendants' and/or their agent(s), with Defendants' permission, knowledge, control and for Defendants' benefit.

53. Defendants' calls interfered with Plaintiff's work, annoyed and frustrated Plaintiff, distracted Plaintiff, and invaded Plaintiff's privacy.

54. Through the aforementioned conduct, Defendants or their agent(s) have violated 47 U.S.C. § 227(b)(1)(A)(iii).

## CLASS ACTION ALLEGATIONS

55. Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated (the "Class").

56. Plaintiff represents, and is a member of the Class, consisting of:

> All persons within the United States who received any telephone call from DialAmerica Marketing, Inc., Prospects DM, or AS America, Inc. d/b/a American Standard Brands, or their agent/s and/or employee/s, not sent for emergency purposes, to said person's cellular

> telephone made through the use of any automatic telephone dialing system and/or with an artificial or prerecorded voice within the four years prior to the filing of this Complaint.

57. Defendants and their employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.
58. Plaintiff and members of the Class were harmed by the acts of Defendants in at least the following ways: Defendants, either directly or through their agents, illegally contacted Plaintiff and the Class members via their cellular telephones for marketing purposes by using an ATDS, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.
59. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.
60. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendants' records or Defendants' agents' records.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

61. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

a) Whether, within the four years prior to the filing of this Complaint, Defendants or their agents initiated any telephonic communications to the Class (other than a message made for emergency purposes or made with the prior express consent of the called party) using any automatic dialing system or prerecorded voice to any telephone number assigned to a cellular phone service;

b) Whether Defendants can meet its burden of showing Defendants obtained prior express written consent;

c) Whether Defendants' conduct was knowing and/or willful;

d) Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

e) Whether Defendants and their agents should be enjoined from engaging in such conduct in the future.

62. As a person that received at least one telephonic communication from Defendants' ATDS without prior express written consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

63. Plaintiff and the members of the Class have all suffered irreparable harm as a result of Defendants' unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct. Because of the size of

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

64. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

65. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

66. Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

**FIRST CAUSE OF ACTION**

**NEGLIGENT VIOLATIONS OF THE TCPA**

**47 U.S.C. § 227 ET SEQ.**

67. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

68. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq*.

69. As a result of Defendants' negligent violations of 47 U.S.C. § 227, *et seq*., Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

70. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
## 47 U.S.C. § 227 ET SEQ.

71. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

72. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq*.

73. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227, *et seq*., Plaintiff and the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

74. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and the Class members pray for judgment as follows against Defendants:

- Certify the Class as requested herein;
- Appoint Plaintiff to serve as the Class Representative in this matter;
- Appoint Plaintiff's Counsel as Class Counsel in this matter;
- Provide such further relief as may be just and proper.

In addition, Plaintiff and the Class members pray for further judgment as follows against Defendants:

## NEGLIGENT VIOLATION OF
## THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendants' negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $500.00 in statutory

damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future;
- Prejudgment interest; and
- Any other relief the Court may deem just and proper.

**KNOWING/WILLFUL VIOLATION OF**
**THE TCPA, 47 U.S.C. § 227 ET SEQ.**

- As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future;
- Prejudgment interest; and,
- Any other relief the Court may deem just and proper.

**TRIAL BY JURY**

75. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demand, a trial by jury.

Dated: October 14, 2018

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: s/ ABBAS KAZEROUNIAN
ABBAS KAZEROUNIAN, ESQ.
AK@KAZLG.COM
ATTORNEY FOR PLAINTIFF

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

Additional Plaintiff's Counsel:
**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Yana A. Hart, Esq. (SBN: 306499)
yana@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770