# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIEL SHUCKETT, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>DIALAMERICA Marketing, Inc.; and AS America, Inc., d/b/a AMERICAN STANDARD Brands; and PROSPECTSDM, Inc.,<br><br>Defendants. | CASE NO. 17cv2073-LAB (KSC)<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT [Dkt. 108]** |

Defendant DialAmerica, a telemarketing company working on behalf of codefendant American Standard, made one unanswered phone call to Plaintiff Ariel Shuckett that she claims violated the Telephone Consumer Protection Act ("TCPA"). DialAmerica and American Standard now move for summary judgment, arguing that Shuckett cannot establish Article III standing to sue, prove a TCPA violation occurred, or fit the definition of her own class. For the reasons below, the Court agrees in part and **GRANTS** DialAmerica and American Standard's Motion for Summary Judgment. Dkt. 108.

## **FACTUAL BACKGROUND**

Beginning in July 2017, Shuckett received roughly 40 prerecorded telemarketing calls from a company soliciting on behalf of American Standard, even though she had not given American Standard (or any other company named in her eventual suit) permission

to call. Dkt. 111-2 at ¶¶ 8-10. Believing that DialAmerica was the source of these calls, Shuckett filed suit against the company and American Standard on October 9, 2017, alleging that the calls violated the TCPA. Dkt. 1 at ¶ 24. DialAmerica subsequently informed Shuckett that all of the calls referenced in the lawsuit were made by a different American Standard contractor, ProspectsDM, and that DialAmerica had only called her number once, on the day *after* the original lawsuit was filed. Dkt. 60-2 at ¶ 5; Dkt. 67 at ¶¶ 28-30; Dkt. 108-2 at 14. Although the parties dispute whether Shuckett noticed DialAmerica's call at the time it was placed, it's undisputed this single call went unanswered. Dkt. 108-2 at 20.

Shuckett has since settled her claims against ProspectsDM and released American Standard as to calls made by that company. Dkt. 108-2 at 22-24. She continues, however, to pursue her claim against DialAmerica and American Standard, and both companies now move for summary judgment.[1]

## **LEGAL STANDARD FOR SUMMARY JUDGMENT**

Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(a). It is the moving party's burden to show there is no factual issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets this requirement, the burden shifts to the non-moving party to show there is a genuine factual issue for trial. *Id.* at 324. The non-moving party must produce admissible evidence and cannot rely on mere allegations. *Estate of Tucker ex rel. Tucker v. Interscope Records*, Inc., 515 F.3d 1019, 1033 n.14 (9th Cir. 2008). This can be done by

---

[1] Shuckett argues that DialAmerica's Joint Statement of Undisputed Facts, Dkt. 108-3, should be stricken because it was not signed by both parties, in violation of the Court's Civil Standing Order 3(c). The Court is satisfied that DialAmerica's exhibits show they made a good-faith effort to comply with the Standing Order but were unable to do so because Shuckett's counsel did not fully cooperate. Dkt. 113-1. Shuckett's request to strike DialAmerica's submission is **DENIED**. In any event, all necessary facts can be drawn from other parts of the existing record.

presenting evidence that would be admissible at trial, *see Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002), or by pointing to facts or evidence that could be presented in admissible form at trial. *See Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003). But evidence that is not admissible and could not be presented at trial in admissible form is not enough to resist summary judgment. *See Orr*, 285 F.3d at 773.

The Court does not make credibility determinations or weigh conflicting evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Rather, the Court determines whether the record "presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. Not all factual disputes will serve to forestall summary judgment; they must be both material and genuine. *Id.* at 247-49. Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Id.* at 248.

## DISCUSSION

### 1. Shuckett Lacks Article III Standing.

DialAmerica first argues that summary judgment is warranted because Shuckett's alleged harm—one missed telemarketing call—does not give rise to Article III standing. Although it's a close call, the Court agrees.

Article III standing exists only if the plaintiff (1) suffered an injury-in-fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 578 U.S. 1540, 1547 (2016). The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements. *Id.* A plaintiff bringing a claim based on a statutory violation cannot satisfy the injury-in-fact requirement if they merely allege a procedural violation that is divorced from any concrete harm. *Id.* at 1549.

As the parties are well aware, this isn't the first time the issue of Shuckett's standing has been litigated in this case. In its Order Denying DialAmerica's Motion to

1  Dismiss, the Court analogized Shuckett's missed call to a text message and found that
2  Shuckett had standing to sue:

> In *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037 (9th Cir. 2017), for example, the Ninth Circuit held that the receipt of a text message gave rise to standing under the TCPA, noting that "[u]nsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients." *Id.* at 1043. There is no meaningful difference between an unanswered phone call and a text message. Neither requires an outlay of time or energy, but both "disturb the solitude of their recipients." *Id.* The invasion of privacy caused by unwanted telemarketing calls is not diminished simply because a plaintiff chooses to decline the call.

Dkt. 92 at 3-4. Based on this passage, Shuckett contends that the issue is settled and that DialAmerica cannot argue again that she lacks standing. While the Court shares Shuckett's concerns about relitigating already-decided issues, standing is unique in that courts have a continuing, independent obligation to determine whether subject matter jurisdiction exists at all times. *Mashiri v. Dep't of Educ.*, 724 F.3d 1028, 1031 (9th Cir. 2013). The Court must consider challenges to Shuckett's standing raised at any stage of litigation, even if the issue has been litigated previously. Indeed, standing is not a static determination, and the plaintiff "bears the burden of proof to establish standing 'with the manner and degree of evidence required at the successive stages of the litigation.'" *Washington Envtl. Council v. Bellon*, 732 F.3d 1131, 1139 (9th Cir. 2013) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)). "While 'at the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice,' in responding to a summary judgment motion, 'the plaintiff can no longer rest on such mere allegations, but must set forth by affidavit or other evidence specific facts, which for purposes of the summary judgment motion will be taken to be true.'" *Id.* (internal alterations omitted).

Although the Court previously determined that Shuckett's missed call was a sufficiently concrete harm to permit her to bring suit, that finding was based on the premise that she was aware of the missed call at the time it occurred. Whether she was

aware of the call or not is important because, as other courts in this circuit have noted, an unnoticed call may "violate the TCPA but not cause any concrete injury." *Juarez v. Citibank*, N.A., 2016 WL 4547914, at *3 (N.D. Cal. 2016); *see also Lemieux v. Lender Processing Ctr.*, 2017 WL 1166430, at *4 (S.D. Cal. 2017) ("[A] bare allegation of a violation of the TCPA could be an insufficient allegation of injury to establish standing, such as when a telephone call is unheard or unanswered . . . ."). Signaling the centrality of this question to whether Shuckett has standing, the Court noted in its previous order that "[h]ad the call [to Shuckett] gone entirely unnoticed, perhaps this would be a different case." Dkt. 92 at 4. Now at summary judgment, the evidence submitted by DialAmerica suggests that the call *did* go unnoticed and that this is, in fact, "a different case."

First, DialAmerica argues, Shuckett's Verizon billing statement shows that her phone registered no "talk activity" on October 10, 2017 at 12:02 p.m., the time at which DialAmerica called her. Dkt. 108-2 at 47. This demonstrates, at a minimum, that the call went unanswered. More importantly, Shuckett testified at her deposition that she had no present recollection of her phone ringing on October 10, 2017. *Id*. at 16-18. It's altogether unsurprising that someone would be unable to recall an isolated phone call more than one year earlier, but this testimony is notable because Shuckett lacks any other evidence demonstrating that she was aware of the call at the time. DialAmerica points out, for example, that Shuckett produced numerous screenshots showing missed calls from Defendant ProspectsDM, *see id*. at 11-12, 29-41, but she has submitted none showing a missed call from DialAmerica. In fact, despite being aware that her cell phone would automatically delete her call history after some amount of time, she failed to properly preserve screenshots or other evidence demonstrating that she had received a missed call from DialAmerica on October 10, 2017. *Id.* at 26. While not dispositive, this failure to preserve evidence supports an inference that the evidence would have been unfavorable to her. *See Singh v. Gonzalez*, 491 F.3d 1019, 1024 (9th Cir. 2007).

Shuckett has also failed to submit any affirmative evidence demonstrating that she suffered a concrete injury as a result of DialAmerica's lone call. This is critical here

1  because Shuckett, as "the party invoking federal jurisdiction, bears the burden of
2  establishing standing."  *Spokeo*, 136 S.Ct. at 1547.  Shuckett's evidence consists
3  primarily of two items.  First, she has submitted a phone record, obtained through
4  subpoena, showing that DialAmerica initiated a 14-second call to Shuckett on October
5  10, 2017. Dkt. 111-4.  Second, she has offered testimony about what she was doing on
6  that date.  *See* Dkt. 111-2 at ¶ 18.  Specifically, her declaration states that she was
7  working as a doctor at the Linda Vista Clinic at the time the call was placed.  *Id.*  While
8  she does not recall receiving a phone call on that date, she states that she would have
9  been aware of the call because, as a doctor, she must "keep her telephone on at all times"
10 in order to respond to emergencies.  *Id.* at ¶ 12.  If she is with a patient when she receives
11 a call, she will either silence the phone or hand it to a nurse to respond.  *Id.*

12       Even viewing Shuckett's evidence in the light most favorable to her, the Court finds
13 that she has not met her burden of demonstrating that she suffered concrete harm from
14 DialAmerica's call.  While a missed call may be sufficient to confer standing if the plaintiff
15 can demonstrate that he or she was aware of the call and it caused nuisance, it is not
16 sufficient for a plaintiff to allege simply that he or she *would have been aware* of the call
17 given what they were doing on that day.  The injury that gives rise to standing must be
18 "actual[,] . . . not conjectural or hypothetical."  *Lujan*, 504 U.S. at 560.  Shuckett's evidence
19 here only supports a finding of conjectural or hypothetical injury, and that does not give
20 the Court subject-matter jurisdiction.  For example, without a more detailed account of the
21 events, it's impossible for the Court to know whether the phone was Shuckett's
22 possession or a nurse's possession at the time the call came in.  If the latter, was Shuckett
23 actually aware of the call and did it cause her an injury?  Further, without screenshots or
24 other evidence that the call manifested itself in some way on her phone, another
25 possibility is that DialAmerica made the call—a fact that's demonstrated by the Verizon
26 cell tower records, Dkt. 111-4—but that it never reached Shuckett's phone.  In that case,
27 she's suffered no harm at all because she never "received" a call.  The point here is not
28 to downplay the harm associated with robodialing or to nitpick the details of Shuckett's

story. The point is simply that Shuckett bears the burden of demonstrating that she suffered a concrete, non-conjectural injury. Without something more definitive than what she has provided, she cannot meet that burden.

In short, the Court finds that summary judgment is warranted because Shuckett lacks standing to pursue her claims against DialAmerica and American Standard.

### 2. DialAmerica's Remaining Arguments Are Moot.

DialAmerica also argues that even if Shuckett has standing, summary judgment is warranted because (1) she cannot show DialAmerica violated the TCPA and (2) she is not a member of the class she purports to represent. Having concluded that Shuckett lacks standing, the Court finds it unnecessary to reach either argument here.

### CONCLUSION

DialAmerica and American Standard[2] are entitled to summary judgment because Shuckett lacks Article III standing. The Court does not reach the merits of DialAmerica's remaining arguments. DialAmerica's Motion for Summary Judgment, which American Standard has joined, is **GRANTED**. Dkt. 108. In light of this ruling, Shuckett's Motion to Strike and Motion for Class Certification are **DENIED AS MOOT**. Dkts. 100, 109. The Clerk is directed to enter judgment in favor of DialAmerica and American Standard and to close the case.

**IT IS SO ORDERED**.

Dated: July 29, 2019

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
Chief United States District Judge

---

[2] As discussed above, Shuckett released American Standard as to calls made by former-codefendant Prospect DM, so the only call relevant to American Standard at this stage is the one made by DialAmerica on its behalf. To the extent Shuckett lacks standing to sue DialAmerica over that one phone call, she likewise lacks standing to sue American Standard.

- 7 -